STEPHEN H. POWELL, HENRY WELLS AND CORNELIUS FERGUSON, PLAINTIFFS IN ERROR, v. THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANTS IN ERROR.

*Special Terms of Oyer and Terminer — drawing of jurors for — challenge to the array — Repeal of statute before trial.*

Where a special term of the Court of Oyer and Terminer is appointed by the governor, in pursuance of section 14, chapter 408 of 1870, the names of the jurors must be drawn fourteen days before the holding of the court, and a challenge to the array for a failure so to do, is proper, and should be sustained.

No conviction can be had upon an indictment for a conspiracy to violate the provisions of a statute which has been repealed before the trial.

WRIT of error to review the conviction of the plaintiffs in error, of misconduct in office and conspiracy.

*Tracy, Catlin & Brodhead*, for the plaintiffs in error.

*Winchester Britton*, district attorney, for the defendants in error.

BARNARD, P. J. :

The challenge to the array by the defendants in the court below, on the ground that the names of the jurors were not drawn fourteen days before the holding of the court, should not have been overruled. Section 14 of chapter 408 of the Laws of 1870, authorizing the governor to appoint special terms of the Court of Oyer and Terminer, does not shorten the prescribed period that must intervene between the drawing of jurors and the session of the court. It was intended that both the people and the accused should have fourteen days for examination of the jury list, and for inquiry as to character, qualifications and possible bias. But even if the jurors had been legally drawn and summoned, a conviction of the offense charged in the indictment could not be sustained. The plaintiffs in error, who were commissioners of charities of the county of Kings, were convicted of a conspiracy to violate section 3 of chapter 491 of the Laws of 1871. The material portion of that section reads as follows : " The said board shall from time to time, as may be necessary, advertise in the corporation papers of

the city of Brooklyn, for not less than ten days, for proposals for all such articles as shall be necessary to be used in and for the relief and support of the poor of the county of Kings," etc.

They did not advertise in any paper for any proposals whatever. In 1874, before the trial and conviction of the plaintiffs in error, the portion of section 3 above quoted, was repealed. The plaintiffs in error could not legally be tried and convicted for the violation of a statute that had been repealed.

The judgment below should be reversed, and plaintiffs in error should be discharged.

Present — BARNARD, P. J., TAPPEN and TALCOTT, JJ.

Conviction reversed.